IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,583-12






EX PARTE RONNIE TURNER, A.K.A. RONNIE HOLMES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-3-008081-0941085-G IN THE CRIMINAL DISTRICT COURT NO.3 


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery with a deadly
weapon and sentenced to 45 years' imprisonment. The Second Court of Appeals affirmed his conviction. 
Turner v. State, No. 02-05-427-CR (Tex. App. - Fort Worth, October 5, 2006, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because counsel
failed to show that the description of the suspect vehicle that was given by an eye witness, Cesar Salinas,
was inconsistent with the vehicle Applicant was driving when he was arrested on the day of the offense. 
Applicant alleges that the report of the lead detective, Detective Owing, reflected these inconsistencies.

 Co-counsels have submitted affidavits explaining that they were aware that Mr. Salinas's
description was inconsistent with the vehicle Applicant was driving. They further explain that they did not
call anyone to testify about the inconsistencies because they did not know of anyone besides Applicant who
had personal knowledge of the vehicle Applicant was driving. Because of Applicant's criminal history they
recommended against Applicant testifying, and Applicant agreed that he should not testify.

 Co-counsels' explanation as to why Applicant did not testify is credible but it does not entirely
resolve the claim that counsel failed to show that Mr. Salinas's description of the suspect vehicle was
inconsistent with the vehicle Applicant was driving when he was arrested on the day of the offense. The
current habeas record and the appellate court's opinion reflect that at trial, a photograph of Applicant's
vehicle was shown to Mr. Salinas, who stated that it was the "exact same model car" as the suspect vehicle
he had seen leaving the scene. Also, it appears that counsel examined Detective Owings about other
matters contained in his report, which Applicant alleges reflected the inconsistencies between the vehicles
as well. The current habeas record further suggests that Applicant's conviction depended on the evidence
provided by three eye witnesses, including Mr. Salinas. Therefore it is possible that counsel's failure to
show that Mr. Salinas's description of the suspect vehicle was inconsistent with the vehicle Applicant was
driving when he was arrested constituted deficient performance and resulted in prejudice.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsels with another opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial attorney
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: February 13, 2008

Do not publish